BRIDGET McGRATH et al., Respondents, v. HEMAN CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 5, 1912. Opinion Filed April 2, 1912.

1. **TRIAL PRACTICE: Improper Remarks of Counsel: Duty of Court.** Where objection is made to improper remarks of counsel during the examination of jurors on their *voir dire*, the court should check counsel; but in this case it is *held* that the remarks objected to were not prejudicial.

2. **NEGLIGENCE: Evidence: Acts of Third Persons Causing Damage: Admissibility.** In an action against a city and a contractor of the city for negligent injuries to a building adjacent to an alley which the contractor had graded and paved, where the case was dismissed as against the city, it was reversible error, as against the contractor, to admit evidence of acts of officers of the city, causing additional injuries to the building, after the contractor had ceased work.

3. **EVIDENCE: Negligence: Expert Testimony: Cost of Restoring Building: Hypothetical Question.** In an action for negligent injuries to a building, an experienced contractor and builder testified to a thorough examination subsequent to the injury, and that the building could have been repaired at the time of his inspection, but also stated that he had never seen the building before the injury. He was then asked: "Assuming that prior to the injury the north wall was intact and the interior in good condition, what would have been the cost of restoring it to that condition after the injury?" *Held*, that the question was improperly excluded, although it was somewhat general and no details were given as to the plans or construction of the building, since cross-examination by opposing counsel would have afforded a sufficient test as to the information or knowledge of the witnesses.

4. **DAMAGES: Instructions: Failure to Limit Damages to Amount Alleged.** In an action for damages to a building, where the petition alleged the rental value thereof, an instruction on the measure of damages which did not limit the damages on such item to the rental value alleged was erroneous.

5. **————: ————: ————: Appellate Practice: Speculating on Jury's Method of Computation.** Where the instruction on the measure of damages fails to limit the recovery on one of the items to the amount demanded therefor in the petition, the appellate court will not hold the error harmless on the theory that it is obvious from the testimony the jury did not consider such item in making the award of damages, since it is impossible for the appellate court to determine what was in the minds of the jury or what items they considered in arriving at a general verdict.

6. **APPELLATE PRACTICE:. Abstract: Sufficiency: Stating Evidence in Narrative Form.** The word "abstract," in section 2048, Revised Statutes 1909, providing for filing an abstract when a cause is not brought up on a full transcript, and in Rule 15 of the St. Louis Court of Appeals, prescribing what is necessary to an abstract, and providing that the evidence shall be stated in a narrative form, means an abbreviation or a summary; and an abstract, stating the evidence in narrative form, so as to present the facts necessary to an understanding of the points in issue, is sufficient.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

REVERSED AND REMANDED.

*Rodgers & Koerner* for appellant.

(1)    It was manifestly improper for plaintiffs' counsel in his opening statement to the jury, before they were examined on their *voir dire*, to state as a fact that defendant "undermined the wall of plaintiffs' house and that the house fell in, and finally had to be removed, so that the house is now totally destroyed down to the joists of the first floor," and that he was "acquainting the jury with the facts," instead of stating that plaintiffs expected to prove such facts, or that such was plaintiffs' contention, and it was error for the court to overrule defendant's objection to these remarks. State v. Coleman, 186 Mo. 151; Rice-Stix & Co. v. Sally, 176 Mo. 107; Thompson on Trials, sec. 261.    (2)    The evidence of what the city of St. Louis did to plaintiffs' house six months after the commission by defendant of the acts complained of was clearly incompetent and should have been excluded.    (3)    Instruction No. 4, given by the court of its own motion, was clearly erroneous for two reasons:    (a) It permitted the jury to assess as an element of plaintiffs' damages the rental value of the premises for such length of time as "would have been reasonably required to repair or restore said premises to their former condition," when there was no evidence tending to show the length of time that would have been thus required. Heidbrink v. United Railways, 133 Mo. App. 40; Stoetzle v. Swearingen, 96 Mo. App. 592. (b) And it fails to limit the amount for which recovery may be had for rental value to the amount specified in the petition, viz., twenty dollars per month. Radtke v. Basket & Box Co., 229 Mo. 1; Tinkle v. Railroad, 212 Mo. 445; Smoot v. Kansas City, 194 Mo. 522; Heinz v. Railroad, 143 Mo. App. 38.    (4)    The evidence of the witness Ferris, offered by defendant was relevant and competent and its exclusion was error. The exclusion of evidence upon a vital issue is reversible error. Grath v. Tile Co., 121 Mo. App. 245-250.

*H. A. Loevy* for respondents.

(1) It is a well settled principle of law, that, before a witness will be allowed to give his opinion as an expert upon a state of facts, a knowledge of which he derives from other witnesses, he must be put in possession of all the facts as ascertained or supposed on the question about which the inquiry is made. An opinion given upon a partial statement of the facts would be of no value. Rogers on Expert Testimony, p. 70; Senn v. Railroad, 108 Mo. 142; Turner v. Haar, 114 Mo. 245; Heinzle v. Railroad, 182 Mo. 554; Mammerberg v. Railroad, 62 Mo. App. 567. (2) The petition here reads: "That rental value thereof was twenty dollars per month and that they will not for a long time hereafter be able to occupy same, whereby they have been damaged at the rate of twenty dollars per month ever since said date, November 10, 1902." Consequently the amount of this damage was unlimited and could not be stated. And the whole amount respondents could recover was specially limited in instruction No. 3. Heinz v. Railroad, 143 Mo. App. 42; Radtke v. Box Co., 229 Mo. 20. (3) Where the judgment is manifestly for the right party, it should be affirmed, regardless of errors occurring at the trial. State ex rel. v. Jones, 131 Mo. 194; Walker v. Railroad, 68 Mo. App. 465; Cass County v. Bank, 157 Mo. 133; Grocery Co. v. Grossman, 10 Mo. App. 338; Carmody v. Hanick, 99 Mo. App. 357.

STATEMENT.—Plaintiffs, owners of a house and lot in the city of St. Louis, brought their action against the city of St. Louis and the Heman Construction Company for damages to the building, alleged to have been sustained by the act of defendants in connection with the construction of an alley, on the line of which one wall of the building was situate, the contract for the construction of the alley having been awarded by the city to the Heman Construction Company. It appears that at the former trial of this case plaintiffs,

under the ruling of the court, took an involuntary non-suit as to the city  Filing a motion to set aside this nonsuit and for a new trial, the motion was sustained by the circuit court and a new trial ordered.  From this action the city appealed to the Supreme Court where the judgment of the circuit court in setting aside the nonsuit and granting a new trial was reversed and the cause remanded to the circuit court with directions to set aside the order granting plaintiffs a new trial as to the city of St. Louis and directing judgment for the city.  The opinion of the Supreme Court will be found under the title McGrath v. City of St. Louis, 215 Mo. 191, 114 S. W. 611.  The cause then went to trial in the circuit court, apparently upon the amended petition which had been before the Supreme Court, and while it appears to have been tried as against the Heman Construction Company alone, there was no formal dismissal nor verdict as to the city, although by an instruction of the court the jury were directed to find for the city.  It appears that after the filing of a motion for new trial by the Heman Construction Company the cause was dismissed by plaintiffs as to the defendant city of St. Louis.    There was a verdict against the defendant Heman Construction Company in the sum of $2260, and judgment accordingly, from which judgment the Heman Construction Company, after filing its motion for new trial and excepting to the action of the court in overruling that motion, has duly perfected its appeal to this court.

While the first count of the petition assigns the acts of negligence relied upon substantially as set out in the opinion of the Supreme Court, it is well to state the claims for damages with a little more particularity than is there given.

The damages claimed are $3000, ''by reason of the sinking, breaking, crumbling and shattering of said building and fences,'' and the great expense plaintiffs will be put in restoring and repairing the same, ''be-

·cause it is and will be necessary to completely tear
down the remainder of said house left standing after
and by the undermining thereof aforesaid and rebuild
and restore the same to its condition before said un-
lawful conduct and action of defendant." The further
sum of $150 is claimed for expenses incurred in bracing
and shoring the wall and to prevent further destruction
·thereof; "that by reason of said fall of said walls and
destruction of said house, plaintiffs were and have
·been unable to occupy said house, that the rental value
thereof was twenty dollars per month and that they
will not for a long time hereafter be able to occupy
same, whereby they have been damaged at the rate of
twenty dollars per month ever since said date, Novem-
ber 10, 1902." Three hundred dollars for injury to
furniture, carpets, etc., is claimed, as also ten dollars
for removing coal, the total amount of damages
claimed in this first count being placed at $4500.
It was on this count of the petition that the
jury returned its verdict in favor of plaintiffs
and against the Heman Construction Company,
returning a verdict in favor of defendant on the
second count of the petition, that count sounding in
damages for willful, wanton and intentional destruc-
tion of the wall by undermining it as before stated.
While the evidence on this trial was not as full as on
the former trial, it will be sufficient to refer to the re-
port above cited for a general idea of it.

The assignments of error made by counsel for ap-
pellant are: First, to the overruling by the trial court
of objections of defendant to remarks of plaintiffs'
counsel in his opening statement; second, to the error
of the trial court in admitting evidence of what the
city of St. Louis did to plaintiffs' house about six
months after the alleged commission by defendant of
the negligent acts complained of; third, to the error of
the trial court in excluding the evidence of a witness;
fourth, to the error of the trial court in giving of its

own motion instruction No. 4; the fifth and sixth errors assigned being to the amount of the verdict as not supported by the evidence and as so excessive as to indicate passion or prejudice on the part of the jury; the final assignment being to the error of the court in overruling the motion for new trial.

REYNOLDS, P. J. (after stating the facts).— First. When the panel was being examined on *voir dire,* counsel for plaintiffs made statements that are claimed to have been prejudicial. It is sufficient to say that objection having been made to these remarks, the court should have checked counsel, but we do not think that failure to do so in this instance constitutes reversible error. We notice it now only to prevent its recurrence on a new trial, if one is had.

Second. The second error assigned must be sustained. One of the respondents in the case, as also a witness for respondents, over the objection and exception of appellant, were permitted to testify that after part of the wall had fallen, the city, by one of its officers, had entered upon the premises, after certain braces had been taken out that extended across the alley, and had shored up the house. This was some months after the act of appellant in excavating. As one of the respondents testified, "The city shored the house and put two or three iron bars in every room clear through the house." It was objected to this that the city coming in afterwards and putting in props and thereby doing additional damage by reason of this work done by the city, that appellant was in no way accountable for it. Having previously objected and the answers made as above, counsel moved to strike out the answers. This motion was overruled, counsel excepting. The other witness for appellant, asked about what the officer or representative of the city before referred to had then done, was permitted to testify that he had proceeded to take out the shores that

had before then been put in on the outside of the building by respondents and which had extended into the alley, and that he had put in underpinning directly under the wall, describing the work this officer had then done. Objection to this last was overruled by the court, the court saying that he overruled it on the statement made by counsel for respondents, that he would thereafter connect what this officer did with the acts of defendant. No such testimony was afterwards introduced nor was this testimony excluded. In the light of the averment in the petition in the case, all this testimony as to the acts of the officer or representative of the city was bound to be prejudicial to the appellant. The petition averred that the house had remained in the condition in which it was after being undermined by the work of the Heman Construction Company "until the city of St. Louis against the protests and objections of plaintiffs in pursuance of its Ordinance No. ———— on or about ————, 190—, removed all the supports, props and braces they had placed, as stated, in, about and under their said home, and that said city thereupon placed other props, braces and supports in, about and under their said home, which completely filled and took up all the space in the interior thereof and that thereby it was and became impossible for plaintiffs or anyone else to live in said house, and that later, namely, on or about ————, 19—, the said city, in pursuance of its ordinance No. ————, against the protests and objections of plaintiffs, took down, destroyed and completely removed and demolished the said house down to the top of what was remaining of the stone foundation wall thereof, so that their said lot became and was wholly vacant and unimproved, and that thereby plaintiffs have completely lost and been deprived of their said house, which was the direct result and consequence of the original wrongful, careless and negligent injury to said house by defendant herein set forth on November 10, 1902." Undoubtedly this petition

had been read to the jury and while this averment was proper as long as the city was a joint tortfeasor, it had no place as against this appellant, which was alone defendant after the decision of the Supreme Court. Admission of any evidence in support of it, the city being out of the case, was obviously prejudical to appellant. We may here note that there was no evidence whatever introduced to show that the house had been completely demolished.

Third. The third error assigned is to the exclusion of the testimony of the witness Ferriss, testifying for appellant. This witness testified that he was a contractor and builder of more than twelve years' experience; that he had made a thorough examination of the building inside and out in the year 1905, and that in his opinion it was practicable to have repaired the building at that time. He was then asked if he had formed an estimate as to what would have been the reasonable cost of restoring that building to its former condition, that is to the condition it was in before the piece of wall fell out, which occurred in 1902, and if he had formed this estimate as to what would have been the cost of restoring it in that year to its former condition. This was objected to until the witness should be told, by a hypothetical question, just what the condition was before the wall fell out. The court remarked that the witness had not shown any familiarity with that; that he did not know anything about its former condition, that is, he was not shown to know anything about its former condition. The witness then stated that he had gone all through the building. The court remarked that the witness did not know what the condition of the building was at the time of its destruction. Counsel for appellant then asked this question: "We will assume that prior to the injury to it the north wall was intact and the interior of it was in good condition; assume that now; what would have been the expense in 1902 of restoring it to that condition after

this injury?" This was objected to, the objection sustained and exception saved. Counsel then asked the witness this question: "Did you, at the time you examined it, form any estimate of what it would have cost in 1902 to have restored those defects that you observed, finish it and put it in reasonably good, tenantable and habitable condition?" This was objected to as incompetent and the objection sustained, counsel for appellant excepting. Counsel then asked the witness this question: "Assuming that prior to this injury the building was in good condition all around—in every way, what would it cost to restore it to its former condition?" The trial court sustained the objection to this, saying: "I can see that there might be fifty kinds of conditions that were good, yet be of different values as to cost. I have ruled, Mr. Rodgers; you had better proceed with the case." This was excepted to and counsel then asked the witness: "Well, did you form any estimate at that time as to what would have been the cost in 1902 of putting that building in first-class condition for residence purposes?" This was objected to, objection sustained and exception saved. It is argued by the learned counsel for respondents that these objections were properly sustained for the very obvious reason, as he urges, that the witness had not seen the building before the injury; that the hypothetical question is objectionable because there was a good deal more involved than the bare assumption that the north wall of the building was intact and the interior in good condition. Counsel, in his argument before us, asks "What is an 'interior in good condition?'" and answers: "It takes more than that to make a house and to describe a house so as to ask a proper hypothetical question, which will produce in the mind of the witness a complete and perfect picture of the house as it stood at the moment of the injury." Counsel argues that nothing is said about the number

or height of rooms, height or thickness of walls, number of partitions, nor about windows, doors, window and door frames, number and size of the openings, kind of roof (whether slate, shingle or composition), whether front of house was brick or stone or stone backed by brick, plastering, furring, painting, glazing, or the length, breadth or height of the house or the other numerous elements and materials of a house. We think that the illustration of  counsel of the kind of question that should have been put is the most complete answer to the fallacy of his position that could be given.   The hypothetical question should have been allowed to be answered. It was somewhat general, but sufficient to entitle the witness to give his opinion. It was open to counsel for plaintiffs to have cross-examined him as to any details, such as he suggests, as affording a test of the information or knowledge of the witness.   The exclusion of this testimony is error to the prejudice of appellant; reversible error.

Fourth.   The fourth error assigned is to instruction No. 4, given by the court at its own instance. That instruction is as follows:

"The court further instructs the jury that if you find for plaintiffs under instruction No. 1, and you further find and believe from the evidence that the injury, if any, to plaintiffs' building was such that said building could have been repaired and restored to its former condition, then plaintiff in entitled to recover for the reasonable rental value, as shown by the evidence, of the premises (as they were just prior to said injury), for such time after the injury as the jury may find and believe from the evidence and the facts and circumstances of the case would have been reasonably required to repair or restore said premises to their former condition, and in that event you will include such amount in your verdict; but if you find and believe from the evidence that the injury, if any, to said building was such that said building could not have been re-

paired and restored to its former condition, then you are not to consider the rental value of such premises.''

The petition distinctly placed the value of the rental at twenty dollars a month. By very many decisions it has been held that the value stated in the petition is the limit of the measure of damage allowable. In this instruction the court submitted the question of this element of damage without any restriction whatever as to the amount. That was error.

Counsel for respondents argues in support of this instruction that it was evident from the amount of the verdict that the jury could not have considered the element of monthly rental at all, but had found their verdict on the basis of a total destruction of the building, and had added to that the value of personal property destroyed and cost of removal of some coal; that the amount found by them is within the amount testified to as the value of the building and that to this the jury had added amounts for removal of coal and for destruction of personal property. We are not able to agree to this. Nor are we permitted to indulge in that kind of speculation. It is impossible for us to determine what was in the minds of the jury, governing them in arriving at their verdict when that is a general verdict as here. The instruction as to respondents being entitled to compensation for rental without limiting the amount to that claimed in the petition is incorrect. Giving it was prejudicial error against appellant.

Fifth. As the case will have to be remanded, it is unnecessary to pass upon the amount of the verdict, or whether it was the result of prejudice and passion. The motion for a new trial should have been sustained.

Counsel for respondents complain in that counsel for appellant, ''intentionally condense a bill of exceptions, taking 354 pages of evidence to an abstract of 24 pages of evidence so as to minimize and if possible efface the effect of the graphic and shocking testi-

mony in this case.'' Whereupon counsel for respondent prints forty pages of the evidence, filing it by way of a counter abstract. Section 2048, Revised Statutes 1909, provides for filing an abstract when a cause is not brought up on a full transcript, and Rule 15 of our court, prescribing what is necessary to an abstract in an action at law, specifically provides that ''the evidence of witnesses shall be stated in a narrative form, except when the questions and answers are necessary to a complete understanding of the evidence.'' An abstract means an abbreviation, a summary. Comparing the abstract furnished by appellant's counsel with the counter abstract of respondents' counsel, we find no additional light thrown on the case by the latter. Tested by the statute, by our rule and by the definition, we not only find nothing lacking in the abstract of appellant, but on the contrary, it is to be commended for its brevity and very clear presentation of all the facts necessary to an understanding of the points in issue.

By reason of errors in the admission and exclusion of testimony, and in the giving of the instruction noted, the judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.

