## BRIDGET McGRATH et al., Respondents, v. HEMAN CONSTRUCTION COMPANY, Appellant.

**St. Louis Court of Appeals, June 2, 1914.**

1. **DAMAGES: Injury to Building: Measure of Damages.** The measure of damages for injury to a building is the difference in the value thereof before and after the injury.

2. ————: ————: **Excessiveness of Recovery.** In an action for damages for injury to a building resulting from an excavation in an adjacent alley, evidence *held* sufficient to sustain a verdict for $2100.

3. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict which is supported by substantial evidence is conclusive on appeal.

4. **DAMAGES: Instructions: Limitation on Amount of Recovery: Harmless Error.** In an action for damages for injury to a building, *held* that, in view of the fact that the damages were susceptible of computation by witnesses qualified to speak and that the verdict for $2100 was within the evidence adduced by plaintiff, it was not prejudicial error for the court to instruct that the damages awarded should not exceed $3000 (the maximum amount claimed in the petition).

5. ————: ————: **Harmless Error.** In an action for damages for injury to a building, *held* that the trial court did not commit reversible error in instructing that the measure of damages was the difference between the value of the building *and lot* after the injury and the value thereof just preceding the injury, in view of the fact that the value of the lot was the same before and after the injury and in view of the fact that the jury must have known that no claim was made for injury to the lot.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

AFFIRMED.

*Rodgers & Koerner* for appellant.

(1)   The appellate court will set aside the finding of a jury which is the result of passion, prejudice or

partiality. Neil v. Cunningham Store Co., 149 Mo. App. 53; Joy v. Cale, 124 Mo. App. 569; Schnick v. Street Ry. Co., 118 Mo. App. 61; Duggan v. Railroad, 46 Mo. App. 266; Empey v. Cable Co., 45 Mo. App. 422. Where a verdict is so excessive as to strike against the conscience, the court, on appeal, will interfere. Brady v. Railroad, 206 Mo. 509; Longan v. Wetmer, 180 Mo. 322; Dempsey v. Dorrance, 151 Mo. App. 429. Even though the sum allowed is supported by testimony of experienced experts. Dempsey v. Dorrance, 151 Mo. App. 429. (2) While it is not in itself error in every case to state in an instruction that the amount of the verdict should not exceed the amount claimed in the petition, yet when the jury return their verdict and the question of excessive damages arises the probable effect of the instruction will be taken into account. Lessenden v. Railroad, 238 Mo. 247; Stid v. Railroad, 236 Mo. 382. (3) An instruction is erroneous which authorizes recovery for an element of damage as to which there is no evidence. Heidbrink v. United Rys. Co., 133 Mo. App. 40, 43; Stuetzle v. Swearingen, 96 Mo. App. 592. (4) The appellate court will set aside a verdict that is opposed to the physical facts. Barnett v. Metropolitan Street Ry. Co., 130 Mo. App. 192.

*H. A. Loevy* for respondents.

ALLEN, J.—This is an action by plaintiffs, husband and wife, for damages to their residence, a brick building in the city of St. Louis, occasioned by an excavation in an alley adjacent thereto, made by defendant, and whereby it is claimed that a wall of the building was undermined.

The cause of action arose in 1902. The case has had three trials below, and in each instance plaintiffs received a verdict at the hands of the jury. As originally instituted, the action proceeded against the defendant construction company and the city of St.

Louis.  Upon the first trial there was a verdict and judgment for plaintiffs against the construction company only, for the sum of $1620; the trial court sustaining a demurrer to the evidence offered by said city. Plaintiffs, coerced by the sustaining of the city's demurrer, took an involuntary nonsuit as to the latter; but the court thereafter, on plaintiffs' motion, set aside the nonsuit and ordered a new trial.  Thereupon the defendant city appealed to the Supreme Court from such order, and upon such appeal it was held that the trial court had, in the first instance, properly directed the jury that the city was not liable, and erred in granting a new trial as to it.  And the circuit court was directed to render judgment for the city.  [See McGrath v. St. Louis, 215 Mo. 191, 114 S. W. 611.]

Thereafter the case went to trial against the defendant construction company alone, the appellant here.  Upon the second trial there was a verdict against this appellant for $2260, and from a judgment entered accordingly it appealed to this court. [See McGrath v. Construction Co., 165 Mo. App. 184, 145 S. W. 875.] The judgment was reversed and the cause remanded by this court for certain errors not necessary to be here noticed.  Thereafter the cause went to trial for the third time, said last trial resulting in a verdict and judgment for plaintiffs for $2100, from which judgment the present appeal is prosecuted.

The only point pressed upon this appeal is that the verdict is excessive.  It appears that, as a result of the excavation in the alley aforesaid, a considerable portion of the north wall of said building was caused to fall.  There was testimony of a number of witnesses both for plaintiffs and the defendant relative to the extent of the damage thereby occasioned to the building.  One witness for plaintiffs, a contractor and builder who was familiar with the property, testified that the reasonable market value thereof, i. e., of the house and lot, prior to the injury to the building, was

about $2700; and that after the injury the house was completely wrecked, describing the various cracks and other injuries thereto, leaving nothing but the ground value. The witness valued the ground at about $20 per front foot, stating that the lot had an average width of twenty-two feet; or, in other words, a total value of $440 for the lot alone.

Another witness for plaintiffs, an architect, who had examined the building after it was injured, described in detail the damage to it, saying that, in his opinion, the house could not have been repaired so as to make it habitable. He valued the house and lot prior to the injury at $2500, and the lot alone at $500.

Another of plaintiffs' witnesses, then a member of the board of assessors of the city of St. Louis, testified that the reasonable value of the house and lot, before the injury to the former, was from $2700 to $3000, and that the ground was worth about $25 per front foot or $550.

Another witness for plaintiffs, a carpenter and builder, valued the house and lot together at $3000, and the lot alone at $1100.

And another witness for plaintiffs, a builder, testified to having made an examination of the house after it was damaged. He stated that he found about thirty or thirty-five feet of the north wall down; that the south wall leaned towards the north; that the west wall was also leaning and considerably damaged, and the east wall damaged; "that the interior of the house was in bad shape," and that "it was worth more to repair it than to rebuild it."

In addition to the damage to the building the plaintiffs claimed $50 for injuries to household furniture, fruits, etc., and $10 for the expense of moving certain coal from the building.

The testimony on behalf of the defendant respecting the damages sustained by plaintiffs consisted of the testimony of a number of witnesses, experienced in

such matters, relative to the condition of the building after the injury and what would have been the cost of repairing the damage done thereto. One of these witnesses estimated that the building could have been completely restored for $190; two others stated that this could have been done for $500 or $600. And another stated that it could have been restored for $600, And, in general, defendant's evidence went to show that the building was not completely wrecked, but that it could have been restored, and put in as good condition as before the accident, at no great expense.

The instruction on the measure of damages given on behalf of plaintiffs authorized a recovery "for such damage, if any, not exceeding $3000, in amount," as the jury might believe and find from the evidence was occasioned to plaintiffs' building; and that in computing the same the jury should consider "the difference in value, if any, between the value of said house and lot after the injury and the value thereof just preceding its injury," authorizing a recovery also for the destruction of certain personalty, not exceeding $50, and for the reasonable cost of moving plaintiffs' coal, not exceeding $10.

As to the injury to the building it cannot be doubted that the true measure of damages is the difference in the value thereof before and after the injury. This does not appear to be disputed by appellant. But it is contended that, under all the evidence, and particularly that of defendant's witnesses, such difference in value of the building before and after the injury is vastly less than the amount of the verdict; so much so that this court ought to interfere and either reverse the judgment and remand the cause on account thereof, or order a proper remittitur to be entered. But we are not so persuaded. As we have seen above, there was ample testimony adduced by plaintiffs tending to show that the house was completely wrecked, so that it was impossible to repair it or restore it to its

former condition. It is true that defendant's testimony tends to show otherwise; but it was for the jury to resolve this conflict in the evidence. And if the jury believed the testimony of plaintiffs' witnesses, to the .effect that the house was rendered totally worthless, then, as a matter of course, the damages assessed for the injury to the building would properly be the entire value thereof.

It is true, as pointed out by appellant, that plaintiffs' appear to have paid but $2100 for their house and lot some thirteen years prior to the time of the injury to said building. But however this may be, there is testimony of witnesses for plaintiffs, who were qualified to testify as to the value of such property, to the effect that the value of the house alone was more than $2100 at the time of the injury thereto. According to one witness its value alone was $2260. And another witness placed the value thereof at from $2150 to $2450; though the testimony of two other witnesses for plaintiffs is to the effect that the value of the house alone was less than $2100; one placing it at $2000 and another at $1900. The verdict was for $2100, and which included other damages not exceeding $60.

It is altogether clear that there is substantial evidence in the record to support the award of damages. And however conflicting the testimony may have been as to plaintiffs' loss, when the verdict is supported by substantial evidence the appellate court cannot interfere therewith.

And in this connection it should be further said that three juries have now passed upon the amount of plaintiffs' damages. These three verdicts have been for $1620, $2260, and $2100, respectively. And in view of the fact that this verdict, which has substantial evidence to support it, is the third one in the case, and that the second verdict was still higher, it would appear to be a clear usurpation of the province of the jury for this court to denounce it as excessive.

A further contention of appellant is that it was error for the court, under the circumstances, to state in the above-mentioned instruction that the damages assessed for injury to the building should not exceed $3000 the maximum amount claimed therefor in the petition. And in this connection we are referred to what is said by the Supreme Court in Lessenden v. Ry. Co., 238 Mo. 247, 142 S. W. 332 and Stid v. Ry. Co., 236 Mo. 282, 139 S. W. 172. But it is unnecessary to comment upon this assignment of error further than to say that the giving of the instruction in this form could not have been prejudicial error under the circumstances of the case. The damages were susceptible of computation by those qualified to speak as to the value of property of this character; and the amount of the verdict is within the evidence adduced by plaintiffs, tending to show their loss.

Neither does any reversible error inhere in the instruction on the measure of damages in that it authorized a recovery for the value of the ''house and lot'' before the injury less the value of both thereafter. The jury must have been well aware that no injury to the lot was claimed or sought to be shown. And, the value of the lot being the same before and after the injury, in estimating the damages to the building by deducting the value of the house and lot just after the injury from their value just prior thereto, the result would be the same as if the word ''lot'' had been omitted from the instruction.

We think that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.